# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF KENTUCKY
# SOUTHERN DIVISION
# AT PIKEVILLE

| | |
|---|---|
| **HEATHER BARKER,**<br>    **Plaintiff,**<br><br>V.<br><br>**WAL-MART STORES EAST, LP**<br>    **Defendant.** | **CIVIL ACTION NO. 7:18-44-KKC**<br><br><br>**ORDER AND OPINION** |

\*\*\* \*\*\* \*\*\*

This matter is before the Court on Heather Barker's Motion to File an Amended Complaint under Federal Rule of Civil Procedure 15. (DE 33). For the reasons stated below, that Motion is **DENIED**.

## I.  BACKGROUND

The dispute in this case stems from a disagreement between two Wal-Mart employees over ownership of a cellphone. (DE 35 at 1.) During a shift, Margaret Penix Blair left her phone in a family bathroom located inside a Wal-Mart in Paintsville, Kentucky. (DE 35 at 1.) Department Manager, Julie Robinson, found a phone in the same bathroom shortly afterward. (DE 35 at 3.) She asked fellow employees if they had left a phone in the bathroom, and Heather Barker claimed the phone as her own. (DE 35 at 3.)

Blair later realized that she lost her phone. (DE 35 at 3.) She was informed by Wal-Mart that no one had turned in a lost phone, and her phone service provider told her that the phone was disabled. (DE 35 at 3-4.) In speaking with a colleague, she was informed that Robinson had found a phone earlier that day. (DE 35 at 4.) Blair then asked Robinson—providing her with a description of the phone case and location—if she found the phone. (DE

1

35 at 4.) Robinson stated that she found a phone but explained that the phone was claimed by Barker. (DE 35 at 4.)

Blair then reported the incident to the Assistant Store Manager, Becky Combs, and Co-Manager, Brian Kennard. (DE 35 at 4.) Kennard and Combs then asked Barker if she had any information regarding the missing phone. (DE 35 at 4.) Barker asserted that the phone was hers and pulled a phone out of her pocket to attempt to confirm. (DE 35 at 4.) Kennard explained that he did not know what the phone looked like and therefore could not identify it. (DE 35-4 and 35-5). Following this conversation, Kennard informed Blair that Barker claimed the phone was hers and that he could do nothing further. (DE 35 at 4-5 and DE 35-5.)

At her deposition, Blair testified that she wanted to pursue the matter further. (DE 35-2 at 21.) She stated that she asked Wal-Mart to pull the video surveillance footage. (DE 35-2 at 13-14.) Wal-Mart management provided her with the footage but told her that they were not able to take any action. (DE 35-2 at 15.) Blair was informed that if she wanted to pursue the matter further, she would need to file a police report. (DE 35-2 at 21.)

Blair testified that she asked Wal-Mart how to go about filing a report. (DE 35-2 at 21.) Wal-Mart Loss Prevention employee, Juanita Auxier, volunteered to set up a meeting with the Paintsville Police Department. (DE 35-2 at 21.) Blair and Officer Taylor met in the presence of Auxier, and following their meeting, Taylor determined that there was sufficient probable cause to file criminal theft charges against Barker. (DE 35-6 at 21-22.) He took this information to the grand jury, who indicted Barker. (DE 35-6 at 22.) Those charges were later dropped. (DE 35 at 6.)

Barker brought suit against Wal-Mart alleging negligence, intentional infliction of emotional distress, and wrongful termination. (DE 1-2.) Barker now moves to amend her Complaint to state a claim under Restatement Second of Torts § 324A. (DE 33.) Barker

asserts that Wal-Mart voluntarily assumed a duty to investigate an alleged crime and then failed to exercise ordinary care in carrying out that duty, thereby causing injury to Barker. (DE 33 at 1.) The Court, having reviewed the Motion, will not permit her to amend her Complaint at this late juncture.

## II. ANALYSIS

In determining whether to grant a motion to amend, the Court should consider (1) undue delay in filing the motion; (2) lack of notice to adverse parties; (3) whether the movant is acting in bad faith, or with a dilatory motive; (4) failure to cure deficiencies by previous amendments; (5) the possibility of undue prejudice to adverse parties; and (6) whether the amendment is futile. *Foman v. Davis*, 371 U.S. 178, 182 (1962); *Robinson v. Michigan Consol. Gas Co.*, 918 F.2d 579, 591 (6th Cir. 1990); *see also Birchwood Conservancy v. Webb*, 302 F.R.D. 422, 424 (E.D. Ky. 2014). The Court finds that there was undue delay in filing this motion, granting the motion would prejudice the defendants, and the amendment is futile. Accordingly, Barker's Motion to Amend is denied.

### A. Barker's Motion is untimely, and she has not shown good cause.

Barker's Motion is undeniably untimely. The Court's Scheduling Order clearly states "[t]he parties shall have TO AND INCLUDING **August 24, 2018** by which to file any motions to join additional parties or amend pleadings." (DE 17 at 1.) The Court's Scheduling Order also states that the parties shall complete all discovery by March 20, 2019 and that all dispositive motions shall be filed by April 1, 2019. (DE 17 at 2.) At the parties' request, on February 12, 2019, the Court extended those deadlines until April 26, 2019 and May 17, 2019 respectively. (DE 31.)

Barker filed this Motion to Amend on March 1, 2019, nearly six months after the Court's deadline to amend pleadings. (DE 33). Wal-Mart diligently responded to Barker's

3

Motion, filing its response on March 8, 2019. (DE 35). Barker replied on March 21, 2019, making the Motion ripe for ruling.[1] (DE 38).

The Federal Rules of Civil Procedure (FRCP) permit any party to "amend its pleading once as a matter of course within 21 days after serving it, or if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading." Fed. R. Civ. P. 15(a)(1). "In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). However, this window of opportunity is not indefinite. *See Shane v. Bunzel Distribution USA, Inc.*, 275 Fed. Appx. 535, 536 (6th Cir. 2008). "Once a pleading deadline has passed, litigants must meet the higher threshold for modifying a scheduling order found in Rule 16(b)." *Id. See also Leary v. Daeschner*, 349 F.3d 888, 906-07 (6th Cir. 2003); *Birchwood*, 302 F.R.D. at 424. FRCP 16(b)(4) states that "[a] schedule may be modified only for good cause and with the judge's consent." Good cause requires the late-moving litigant to show that "despite their diligence they could not meet the original deadline." *Leary*, 349 F.3d at 907.

Barker has not moved the Court to amend its scheduling order and offers absolutely no explanation for why she was not able to meet the Court's deadline. Instead, she states that "the evidence in this case in its light most favorable to the Plaintiff indicates that the pleadings should be amended to the conform to the evidence in her favor [*sic*]." (DE 33 at 1.)

The Court and all parties before it are bound by the Federal Rules of Civil Procedure. The Court refuses to allow Barker to circumvent those rules and amend her Complaint with absolutely no explanation. Accordingly, the Court finds that there was undue delay in filing this Motion and Barker has not shown good cause.

---

[1] The Court notes that per the local rules, the deadline for the Motion to be fully briefed was April 5, 2019—only 21 days before the overall discovery deadline.

4

**B. Prejudice to the Defendant.**

While Wal-Mart does not appear to assert the possibility of undue prejudice in amending the Complaint, the Court finds that permitting an amendment at this time would undoubtably prejudice Wal-Mart. Barker asserts that amending her Complaint would "require no additional pattern or course of discovery." (DE 33 at 1.) The Court disagrees.

Barker is seeking to add an entirely new claim to her Complaint under Restatement Second of Torts § 324A. She alleges that Wal-Mart "voluntarily undertook to render assistance to a Paintsville City police officer which the Defendant should recognize as necessary for the protection of persons suspected of crimes, but then failed to provide to the law enforcement officer involved information exculpatory to Heather Barker, the Plaintiff." (DE 33-2 at 1-2.) She further states that "[h]ad it not been for the failure of the Defendant to provide information, the Plaintiff would not have been indicted, arrested and subjected to prosecution and otherwise harmed." (DE 33-2 at 2.) Barker then demands to recover "special compensatory and punitive damages for the Defendant's violation of Restatement Second of Torts § 324A." (DE 33-2 at 2.)

To determine whether an amendment would prejudice a defendant, the Court must consider whether granting the amendment would "require the opponent to expend significant additional resources to conduct discovery and prepare for trial [or] significantly delay the resolution of the dispute." *Phelps v. McClellan*, 30 F.3d 658, 663 (6th Cir. 1994).

While it may be true that amending her Complaint would not require Barker to seek additional discovery, certainly Wal-Mart would want the opportunity to gather additional information to combat the proffered claim. Notably, the witnesses in this case have already been deposed and the overall discovery deadline has passed.

Restatement Second of Torts § 324A considers whether the actor used "reasonable care." Whether Wal-Mart acted reasonably depends in part on the existence of "exculpatory

5

evidence"—as asserted by Barker—and awareness of Wal-Mart management. Wal-Mart would likely want to discover, for example, whether Robinson did confirm that Barker's phone was the same phone she found in the bathroom; whether Barker and Blair had similar phone cases; and whether management or loss prevention were even aware of this information.[2] At the very least, to adequately defend this claim, Wal-Mart would need to re-depose witnesses to obtain information relevant to its defense of the new claim. In light of the discovery deadline, the Court finds that amending the Complaint would prejudice Wal-Mart because it would inhibit Wal-Mart's ability to adequately defend itself or require Wal-Mart to expend additional resources on redundant discovery.

**C. Amendment would be futile.**

Wal-Mart asserts that amending the Complaint would be futile because it does not state a viable claim for relief. (DE 35 at 8.) An amendment is futile if "the proposed amendment would not permit the complaint to survive a motion to dismiss." *Miller v. Calhon Cnty.*, 408 F.3d 803, 817 (6th Cir. 2005).

Barker alleges that Wal-Mart "voluntarily assumed the investigation of a crime reported to have been committed on its property which normally would lie with police officers, but in assuming that duty the Defendant Wal-Mart failed to exercise ordinary care." (DE 33-2 at 1.) Barker is essentially claiming that Wal-Mart negligently investigated the incident.

An officer does not have an independent "duty to investigate." Instead, this "duty" is intertwined with his determination of probable cause and decision to pursue an arrest. *See Gardenhire v. Schubert*, 205 F.3d 303, 318 (6th Cir. 2000). An officer does not have to independently investigate every claim of innocence, and he can make a probable cause determination when he has reasonably reliable information that a suspect has committed a

---

[2] The Court is cognizant that some of this information may be included in the full-length versions of the depositions taken in this case. The Court conducts its analysis based on the portions of the depositions it has been provided.

6

crime. *Id.* "In obtaining such reliable information, an officer…must consider the totality of the circumstances, recognizing both the inculpatory and exculpatory evidence." *Id.*

A private corporation, like a private citizen, has "no judicially cognizable interest in the prosecution or nonprosecution of another." *See Bertovich v. Vill. Of Valley View, Ohio*, 431 F. App'x 455, 460 (6th Cir. 2011). Further, the Sixth Circuit has consistently held that "citizens have 'no statutory or common law right, much less a constitutional right to an investigation.'" *Id*. (quoting *Mitchell v. McNeil*, 487 F.3d 374, 378 (6th Cir. 2007); *see also White v. City of Toledo*, 217 F.Supp.2d 838, 841 (N.D. Ohio 2002).

Wal-Mart had no interest to compel prosecution or nonprosecution of Barker. It logically follows that Wal-Mart also could not elect to undertake a "duty to investigate" to determine whether prosecution of Barker was appropriate. Barker has not cited a single case or legal precedent addressing the liability of a private corporation in assuming a "duty to investigate" alleged criminal conduct. In fact, the analogous cases the Court found on its own volition are contrary to Barker's claim for relief.

There is generally "no cause of action for holding police officers liable for negligent investigation." *See Stuart v. Lowe's Home Centers, LLC*, No. 4:17-CV-00077-JHM, 2017 WL 4875281, at *4 (W.D. Ky. Oct. 27, 2017), aff'd, 737 F. App'x 278 (6th Cir. 2018); *Grant v. City of Raceland*, No. 2012-CA-001105-MR, 2014 WL 3020383, at *1 (Ky. Ct. App. July 3, 2014). Businesses also have no duty to "thoroughly and completely investigate a matter before reporting a suspected crime to the police." *Bertram v. Fed. Exp. Corp.*, No. CIV.A. 05-28-C, 2008 WL 170063, at *6 (W.D. Ky. Jan. 17, 2008); *Ferguson v. Richards*, 271 S.W.2d 29, 30 (Ky. 1954). Creating such a duty "would be contrary to the public policy that encourages the reporting of crimes in a timely manner." *Bertram*, 2008 WL 170063, at *6.

7

Even though the foregoing cases were not brought under Restatement Second of Torts § 324A, they are factually similar to the present case. Barker has not cited a single legal precedent which would support that negligent investigation claims can be brought under § 324A. Absent some type of legal authority showing viability under § 324A, the Court refuses to recognize a claim generating liability for a negligent investigation when precedent and public policy clearly support the opposite conclusion. Accordingly, the Court finds that amendment of the Complaint would be futile.

Even if there is legal precedent to support the cause of action under § 324A in the manner Barker suggests, the Court would still deny Barker's Motion to Amend on the basis that it is untimely and would prejudice Wal-Mart's defense.

### III.     CONCLUSION

Based on the foregoing, the Court **HEREBY ORDERS** that Barker's Motion to Amend (DE 33) is **DENIED**.

Dated May 6, 2019

KAREN K. CALDWELL, CHIEF JUDGE
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY